**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| CHICAGO TILE INSTITUTE WELFARE PLAN, and CHICAGO TILE INSTITUTE PENSION PLAN,<br><br>        Plaintiffs,<br><br>        v.<br><br>URBAN TILE AND CARPET CORP.<br><br>        Defendant. | )<br>)<br>)<br>)<br>) CIVIL ACTION<br>)<br>)  FILED: MAY 5, 2008<br>)  08CV 2557 NF<br>)  JUDGE SHADUR<br>)  MAGISTRATE JUDGE MASON<br>)<br>) |

## C O M P L A I N T

      Plaintiffs, the CHICAGO TILE INSTITUTE WELFARE PLAN, et al., by their attorneys, MICHAEL J. MCGUIRE and the law firm of GREGORIO & ASSOCIATES, complain of the Defendant, URBAN TILE AND CARPET CORP., and allege as follows:

      1.     This action arises under Section 502 of the Employee Retirement Income Security Act (hereinafter referred to as "ERISA") and Section 301 of the Taft-Hartley Act. (29 U.S.C. §§1132 and 185). Jurisdiction is founded on the existence of questions arising thereunder.

      2.     The CHICAGO TILE INSTITUTE WELFARE PLAN, and the CHICAGO TILE INSTITUTE PENSION PLAN, (hereinafter referred to as the "Trust Funds") receive contributions from numerous employers pursuant to Collective Bargaining Agreements between the employers and the CERAMIC TILE, TERRAZZO, AND GRANITE CUTTERS UNION LOCAL NO. 67, (hereinafter referred to as the "Union").

      3.     The Trust Funds are a multi-employer plan as defined under 29 U.S.C. § 1002.

      4.     The Trust Funds are administered at 725 E. Irving Park Road, Suite B, Roselle, IL

5. The Defendant is an employer engaged in an industry affecting commerce which entered into a Collective Bargaining Agreement (hereinafter referred to as the "CBA") with the Union. **(Exhibit A)**. The CBA binds the Defendant to the terms of the Trust Agreements which created the Trust Fund.

6. The CBA and Trust Agreements require the Defendant to submit monthly reports listing the hours worked by its bargaining unit employees (hereinafter referred to as "monthly contribution reports") and to make concurrent payment of contributions to the Trust Funds based upon the hours worked by said employees. In addition, the Defendant is required to make contributions to the Trust Funds measured by the hours worked by its subcontractors who are not signatory to a CBA with the Union.

7. The CBA and Trust Agreements provides that employers who do not timely pay fringe benefit contributions are also liable for liquidated damages, interest, reasonable attorney's fees, court costs, audit fees and other reasonable costs incurred in the collection process.

8. The Defendant breached the provisions of the CBA and Trust Agreements by failing to submit contribution reports and pay contributions for the months of February and March 2008, and by failing to submit liquidated damages for the months of September 2007 through March 2008.

9. As a result of said breach, the Defendant is also liable to the plaintiff for the following ancillary damages:

    a. attorney fees and costs pursuant to the CBA and 29 U.S.C. §1132(g)(2)(D); and either

    b. liquidated damages and interest pursuant to the CBA, Trust Agreements and 29 U.S.C. §1132(g)(2)(B); or

    c. double interest pursuant to E.R.I.S.A., 29 U.S.C. §1132(g)(2)(C).

WHEREFORE, Plaintiff prays:

- A. That the Defendant be ordered to submit contributions and reports for the months of February through March 2008.

- B. That the Defendant be ordered to submit liquidated damages for the months of September 2007 through March 2008.

- B. That the Defendant be ordered to pay interest on the amount that is due pursuant to 29 U.S.C. §1132(g)(2)(B).

- C. That the Defendant be ordered to pay liquidated damages pursuant to 29 U.S.C. §1132(g)(2)(C).

- D. That the Defendant be ordered to pay the reasonable attorney fees and costs incurred by the Plaintiffs.

- E. That Plaintiffs have such other and further relief as the Court deems just and equitable.

                BY:    s/ Michael J. McGuire
                        MICHAEL J. MCGUIRE

Michael J. McGuire
ARDC #: 6290180
Gregorio & Associates
Attorney for Plaintiffs
2 North LaSalle Street
Chicago, IL 60602
(312) 263-2343

(573)

# MEMORANDUM OF AGREEMENT

THIS AGREEMENT MADE AND ENTERED INTO BY AND BETWEEN

Name of Contractor **Urban Tile & Carpet Corp.**   Address **33557 S. Center St.**
FEIN # **36-4266996**                              **Braidwood, IL 60408**
Phone **815-458-6646**

herein called the "EMPLOYER," and Ceramic Tile Layers and Terrazzo Workers Union Local 67 of the International Union of Bricklayers and Allied Craftsmen, AFL-CIO, herein called the "UNION."

In consideration of the mutual promises made to each other, the parties hereby agree as follows:

1. The EMPLOYER hereby recognizes the UNION as the sole and exclusive collective bargaining representative for and on behalf of employees of the EMPLOYER who are now or are hereafter employed within the territorial and occupational jurisdiction of the UNION.

2. The parties adopt and the EMPLOYER agrees to be bound by the terms and provisions of a collective bargaining agreement dated JUNE 1, 1997, between the UNION and the CERAMIC TILE CONTRACTORS ASSOCIATION OF CHICAGO (Master Agreement), a copy of which agreement is attached hereto and made a part hereof and the receipt of which is hereby acknowledged by the EMPLOYER.

3. This Memorandum Of Agreement shall remain in effect until the expiration of the Agreement adopted by reference, (Master Agreement) including any amendments or extensions thereto. The parties further agree that this Memorandum Of Agreement shall remain in effect from contract to contract thereafter and the parties specifically adopt any subsequent or successor Agreement entered into between the UNION and the aforesaid CERAMIC TILE CONTRACTORS ASSOCIATION OF CHICAGO after the expiration date of the Agreement adopted by reference (Master Agreement) as aforesaid, unless written notice of termination or amendment is given in the manner provided below.

4. Either party desiring to amend or terminate this Memorandum Of Agreement must notify the other in writing at least sixty (60) days prior to the expiration of the then existing Agreement adopted herein by reference (CHICAGO TILE CONTRACTORS ASSOCIATION OF CHICAGO - Master Agreement).

5. The EMPLOYER agrees to be bound by and to comply with the terms and provisions of the Agreements and Declarations of Trust establishing the Chicago Tile Institute Welfare Trust, Chicago Tile Institute Pension Trust, Chicago Tile Institute Promotion Fund, Chicago Ceramic Tile Layers Apprenticeship Trust, Annuity Trust, Bricklayer and Trowel Trades International Pension Fund and International Masonry Institute as amended and as the same may hereafter be amended or restated from time to time, as though the same were fully incorporated herein. EMPLOYER agrees to make prompt payments to each of the above funds of the hourly contribution specified in the Master Agreement and all successor agreements to which employer becomes bound. The EMPLOYER hereby accepts and ratifies the appointment of the present Employer Trustees of the Funds and their Successor Employer Trustees as its representative.

6. EMPLOYER agrees to furnish UNION with certificate covering liability under the Illinois Workers' Compensation Act and the Illinois Occupational Disease Act.

7. EMPLOYER agrees to furnish UNION with a surety bond to insure prompt payment of wages, health and welfare fund contributions, pension fund contributions, apprentice training fund contributions and annuity fund contributions in amount and according to the provisions of the Master Agreement adopted by reference herein.

8. This agreement shall not be operative during any period when the EMPLOYER is a member in good standing of the Chicago Tile Contractors Association of Chicago.

IN WITNESS WHEREOF, the parties have executed this agreement dated this **4th** day of **May**, 199**9**.

EMPLOYER: **Urban Tile & Carpet Corp.**              CERAMIC TILE LAYERS & TERRAZZO WORKERS
(Sign) By: _[signature]_                              UNION LOCAL #67
(Print) By: **Richard W. Urban Jr. (Pres)**           (Sign) By: _Frank W. O'Lone_
                                                      (Print) By: **FRANK W. O'LONE**

EXHIBIT A